UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RACQUEL MARTIN | § |
| | § |
| Plaintiff | § |
| | § |
| vs. | § Civil Action No. 4:12-2707 |
| | § |
| EXPRESSJET AIRLINES, INC. | § **JURY TRIAL REQUESTED** |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Plaintiff, by and through counsel, and in support of her claims against the above-named Defendant respectfully states:

I.

NATURE OF THE ACTION

In this action, Plaintiff alleges violation of her rights pursuant to the Family Leave Act, Americans with Disabilities Act of 1990, as amended, and Texas Labor Code, Chapter 21.

II.

PARTIES

1. Plaintiff, Racquel Martin, is an individual residing in Spring , Harris County, Texas.

2. Defendant, ExpressJet Airlines, Inc., is a foreign corporation, doing business in Harris County, Texas and it may be served by serving its registered agent: C T Corporation System, 350 N. St Paul St., Ste. 2900, Dallas, TX 75201.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by reason of 28 U.S.C. §1331 and §1343, in that Plaintiff, pursuant to the Family Leave Medical Leave Act and the Americans with Disabilities

Act of 1990, as amended, seeks to redress discrimination she experienced at the hands of defendant. The Court has supplementary jurisdiction of Plaintiff's claims brought under the Texas Labor Code, Chapter 21. Venue is proper pursuant to 28 U.S.C. §1391 because defendant does business within the geographical boundaries of the United States District Court for the Southern District of Texas, Houston Division.

## FACTS

4. Ms. Martin suffers from a disability, migraine headaches. This is a permanent condition and it substantially limits several major life activities such as working, concentrating and thinking and she has a record of such an impairment.

5. Ms. Martin began working for ExpressJet Airlines, Inc. on or about May 18, 2007 as a flight attendant.

6. Since 2008, Ms. Martin has had FMLA paperwork on file with ExpressJet Airlines, Inc. because of her disability.

7. On November 24, 2011, Ms. Martin contacted Crew Scheduling and told them that she was ill, because of her disability, and that she needed FMLA leave (an accommodation for her migraines) for November 25, 2011 and she requested to drop the flight for November 25, 2011 for that reason. Ms. Martin's reasonable accommodation was refused and she was told that she could not drop the flight because they were short and that she had to report and work on November 25, 2011.

8. On November 25, 2011, ExpressJet Airlines, Inc. was aware that Ms. Martin was ill because of her migraine and that she had requested FMLA leave, but her reasonable accommodations were denied. Ms. Martin worked the first flight but became even more ill because of her migraine.

Ms. Martin made the Captain aware of her illness and he gave her some Advil.  During the second flight, Ms. Martin's condition quickly worsened - her vision became blurry and she felt is if she was going to pass-out.  She had no option, but to sit in the nearest seat and close her eyes or pass-out.

9. On or about December 2, 2011, ExpressJet Airlines, Inc. notified Ms. Martin that she was terminated from her employment for allegedly giving the appearance of sleeping on the aircraft. Defendant was aware that Ms. Martin was not sleeping, but ill because of her disability.  Previously, Ms. Martin provided her employer with medical documentation of her illness on that date and a statement from the Captain verifying her illness and the fact that she reported it to him and had asked for assistance.

## CLAIMS

### Violation of the Family Medical Leave Act

10. Ms. Martin incorporates by reference the allegations contained in paragraphs 1 through 9.

11. Ms. Martin was a qualified individual entitled to leave for her migraine headaches. ExpressJet Airlines, Inc. denied Ms. Martin's leave on November 25, 2011 in violation of the Family Medical Leave Act .

12. ExpressJet Airlines, Inc. terminated Ms. Martin's employment in violation of her rights under the Family Medical Leave Act on December 2, 2011.

13. Ms. Martin seeks actual monetary damages; liquidated damages as allowed by law; attorney's fees and costs.

### Discrimination in Violation of the Americans with Disabilities Act of 1990, as amended

14. Ms. Martin incorporates by reference the allegations contained in paragraphs 1

through 9.

15.	Through the above alleged actions, Defendant's acts and omissions violated Plaintiff's federally protected rights under the Americans with Disabilities Act of 1990, as amended by denying her reasonable accommodations; by failing to engage in an interactive process as required by law; by terminating her employment because of her disability and by violating other rights that Ms. Martin has which protect her from disability discrimination in employment.

16.	The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee, because of her disability in violation of law.

17.	The unlawful employment practices complained of were intentional.

18.	As a result of the above alleged acts, Ms. Martin suffered the loss of, past and future, wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and nonpecuniary losses.  Ms. Martin also seeks punitive damages, injunctive relief, attorney's fees and court costs.

19.	Ms. Martin exhausted the EEOC process; received a Notice of Right to Sue from the EEOC with is attached as an exhibit; and filed this lawsuit timely.

### Discrimination in Violation of Texas Labor Code Chapter 21

20.	Ms. Martin  incorporates by reference the allegations contained in paragraphs 1 through 9.

21.	As alleged in the facts portion of this Complaint, through the above alleged actions, Defendant's acts and omissions violated Plaintiff's state protected rights under Texas Labor Code, Chapter 21 by denying her reasonable accommodations; by failing to engage in an interactive process

4

as required by law; by terminating her employment because of her disability and by violating other rights that Ms. Martin has which protect her from disability discrimination in employment.

22. The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee, because of her disability in violation of law.

23. The unlawful employment practices complained of were intentional.

24. As a result of the above alleged illegal acts, Ms. Martin has suffered, past and future, the loss of wages and benefits, loss of job opportunity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other pecuniary and nonpecuniary losses. Ms. Martin seeks punitive damages, injunctive relief, attorney's fees and court costs as allowed by law. Ms. Martin seeks all relief allowed under Chapter 21 of the Texas Labor Code and as otherwise allowed by law.

25. Ms. Martin has exhausted the administrative process. A Notice of Right to Sue from the Texas Workforce Commission - Civil Rights Division is not a requirement to file suit.

## Prayer

WHEREFORE, Plaintiffs pray that the Court enter judgment in her favor and against Defendant and award Plaintiff the following:

1. Actual damages plus interest;

2. Compensatory damages;

3. Injunctive relief;

4. Punitive damages as allowed by law;

5. Exemplary damages as allowed by law;

6. Liquidated damages as allowed by law;

7. Prejudgment interest as allowed by law;

8. Post-judgment interest as allowed by law;

9. Attorney's fees;

10. Court costs; and

11. Such other legal or equitable relief ultimately justified by the proof of this case.

Respectfully Submitted,

By: __/s/ Gay E. Gilson__
Gay E. Gilson
State Bar No. 00784131/Fed I.D. 16385
Law Offices of Gay E. Gilson
418 Peoples St., Suite 402
Corpus Christi, Texas 78401
Tel: (361) 887-0552
Fax: (361) 887-0554
Attorney in Charge for Plaintiff

Stephen P. Carrigan
Texas Bar No. 03877000
The Carrigan Law Firm, L.L.P.
Three Riverway, Suite 1140
Houston, Texas 77056
Telephone: (713) 739-0810
Facsimile: (713) 739-0821
Co-counsel for Plaintiff